RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/8/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ARNOLD P. McCALLON, JR.** | **DOCKET NO. 11-CV-1984; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN, JACKSON PARISH CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se petitioner, Arnold P. McCallon, Jr., filed this *pro se* petition for *writ of habeas corpus* (28 U.S.C. § 2254) attacking his 2005 conviction for armed robbery in Louisiana's Twelfth Judicial District Court, Avoyelles Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be dismissed.

### *Background*

Petitioner was arrested on March 2, 2005. A bill of information dated August 9, 2005, charged Petitioner with the crime of armed robbery. [Doc. #1,p.8] Petitioner entered a plea of not guilty that same date. [Doc. #1, p.8] On March 27, 2007, Petitioner was found guilty pursuant to a plea agreement. He received a fifteen year sentence.

On May 12, 2011, Petitioner filed a "Motion to Correct Illegal Sentence" [Doc. #1, p.19] arguing that his plea was invalid under

<u>Boykin v. Alabama</u>, 395 U.S.C 238 (1969) and that his Bill of Information was invalid and untimely. The trial court denied the motion without comment. [Doc. #1, p.19] Petitioner then filed an sought a writ of review in the Third Circuit Court of Appeal. The appellate court found that Petitioner's claims were not cognizable in a Motion to Correct an Illegal Sentence. The motion was treated as an application for post-conviction relief, which was untimely. Thus, the appellate court denied the writ application. [Doc. #1, p.23] Petitioner then filed the habeas petition before this Court.

### Law and Analysis

**1.   Timeliness under §2244(d)(1)(A)**

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. <u>Villegas v. Johnson</u>, 184 F.3d 467, 468 (5th Cir. 8/9/1999); <u>In re Smith</u>, 142 F.3d 832, 834, *citing* <u>Lindh v. Murphy</u>, 521 U.S. 320, 336, 117 S.Ct. 2059 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of habeas corpus by a person such as petitioner who is in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

2

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on March 27, 2007. Under the provisions of La. C.Cr.P. art. 914, petitioner had a period of 30 days after sentencing within which to file a Motion for Appeal or, until on or about April 27, 2008. Since Petitioner's judgment of conviction and sentence became final under the AEDPA on April 27, 2008, he had one year, or until on or about April 27, 2009, to file his federal habeas corpus petition.

Petitioner cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2). He states that he did not file an application for post-conviction relief. Even considering his Motion to Correct an Illegal Sentence as an Application for Post-Conviction Relief, the document was not filed until May 31, 2011. By that time the AEDPA period of limitations had already expired and could not be revived by the timely filing of the state proceeding. Thus, the available evidence establishes that the instant petition is time-barred.

2.  **Equitable Tolling**

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336

(2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

3. **Merits**

Petitioner raises a single claim for relief - that the Bill of Information was untimely, thus violating due process of law. [Doc. 1, p. 5] Even if the bill of information was defective, and even if the issue had been preserved, Petitioner would not be entitled to relief. Despite the defective bill of information, Petitioner pled guilty. Moreover, the United States Court of Appeals for the Fifth Circuit has declined to review claims of insufficient indictment forms because the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the charging instrument "is so defective that the convicting court had no jurisdiction." Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988). There is no indication that a defective Bill of Information would have deprived the 12th JDC of jurisdiction.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) because petitioner is not entitled

to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a

memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Thus done and signed at Lafayette, Louisiana, this 7th day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE